UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES                      )
                                   )
    v.                             )   CR. No. 08-018-S
                                   )
DAMIN THOMPSON.                    )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Defendant Damin Thompson has filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(2) (the "Current Motion") (ECF No. 32) in the above matter. The Government has filed an objection to the motion (ECF No. 33). For the reasons that follow, the Current Motion is DENIED.

I.  Background

In May 2008 Thompson pled guilty, pursuant to a plea agreement, to one count of distributing five grams or more of cocaine base. On January 21, 2009, this Court sentenced Thompson to 84 months imprisonment, "substantially below the low end of the applicable guideline range."[1] (Mem. and Order 1, Nov. 1, 2011, ECF No. 31.) Thompson did not appeal his conviction or sentence.

---

[1] At his sentencing in January 2009 this Court considered the impact on his sentence of the 2007 amendments to the crack cocaine sentencing guidelines. (Mem. and Order 1 n.2, Nov. 1, 2011, ECF No. 31 (citing U.S. Sentencing Guidelines ("U.S.S.G."), Amends. 706, 711, 713).)

1

Subsequently, Thompson filed an untitled motion to reduce his sentence (the "Prior Motion") (ECF No. 29) based on legislation then pending before Congress to reduce crack cocaine penalties. While the Prior Motion was pending in this Court, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, which reduced the penalties for crack cocaine offenses so that the disparity in sentencing between offenses involving crack and powder cocaine decreased from 100:1 to approximately 18:1. See United States v. Douglas, 644 F.3d 39, 40-41 (1st Cir. 2011). However, at that point the FSA and the related emergency amendment to the United States Sentencing Guidelines ("U.S.S.G.") had not been made retroactive. See United States v. Williams, 413 F. App'x 928, 930 (8th Cir. 2011) (noting that the FSA was "not made retroactive" to sentences imposed before its passage, because it "contains no express statement that it is retroactive and no such express intent can be inferred from its plain language" (quoting United States v Brown, 396 F. App'x 328, 329 (8th Cir. 2010)); see also United States v. Ruiz-Gonzalez, 427 F. App'x 22, 27 (1st Cir. 2011) (refusing to give retroactive effect to emergency guideline promulgated pursuant to the FSA in connection with a sentence imposed in 2009). The Prior Motion was denied without prejudice as premature by the November 1, 2011 Memorandum and Order.

The Sentencing Commission subsequently determined that the permanent amendment to the U.S.S.G. implementing the FSA would be retroactive, effective November 1, 2011. See Ruiz-Gonzalez, 427 F. App'x 27. Thereafter, Thompson filed the Current Motion to reduce his sentence.

II. Discussion

Section 3582(c)(2) of the United States Code provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); see also United States v. Fanfan, 558 F.3d 105, 107 (1st Cir. 2009) ("This statute acts as a limited exception to the final judgment rule by conferring power on the district court to adjust a final sentence when a particular trigger is met."). Amendment 750 to the U.S.S.G. reduced the sentencing range for crack cocaine offenses, and that amendment has been made retroactive. See U.S.S.G. Amends. 750, 759.

Thompson requests that the Court consider the § 3553(a) factors in determining whether to reduce his sentence. Specifically, Thompson notes that: he has been in strict compliance with all Bureau of Prisons rules and regulations; he has satisfied all assessments and fines associated with this

3

case; and he has maintained gainful employment, in the process acquiring a trade, while incarcerated. (Current Mot. 2-3.) He further states that he "has also reflected on the seriousness of his offense and has taken personal responsibility for his actions and their consequences. Petitioner has matured and developed a discipline mindset not only to respect but also to promote the law, and to be a productive, law abiding citizen." (Id. at 3.)

The Government counters that Amendments 750 and 759 to the U.S.S.G. do not allow the Court to reduce Thompson's sentence to below his amended guideline range. (Gov't Mem. in Supp. of its Obj. ("Gov't Mem.") 2.) According to the Government, because Thompson's current sentence falls at the bottom of the amended guideline range and no exception applies, his sentence cannot be reduced. (Id. at 1.)

Any reduction in a defendant's term of imprisonment must be consistent with U.S.S.G. policy statements. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(b)(1) provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the

4

> corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). Moreover,

> Except as provided in subdivision (B),[2] the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A).

The Presentence Investigation Report ("PSR") prepared for Thompson's January 21, 2009, sentencing hearing computed a base offense level of 28 and an amended offense level, after an adjustment for acceptance of responsibility, of 25. (PSR ¶¶ 16, 23, 24.) Thompson's criminal history category was V. (Id. at ¶ 32.) His guideline range at the time of his sentencing was 100-125 months.[3] (Id. at ¶ 54.) Thompson was sentenced to 84 months imprisonment.

Under the amended guidelines, the base offense level is 26. (Gov't Mem. 2-3 (citing U.S.S.G. § 2D1.1(c).) The final offense level, including the adjustment for acceptance of

---

[2] The only exception listed is when the term of imprisonment imposed was less than the term of imprisonment provided by the applicable guideline range pursuant to a government motion to reflect the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(B). Thompson does not contend that said exception is applicable, and the Government states that it is not (Gov't Mem. in Supp. of its Obj. 3).

[3] Thompson faced a statutory mandatory minimum sentence of 5 years and statutory maximum term of 40 years incarceration. (Presentence Investigation Report ¶ 53.)

responsibility, is 23. (Id. at 3.)  Thompson's criminal history category remains V.  See U.S.S.G. § 1B1.10(b)(1)(6) (noting that the court shall substitute only amended guideline provisions corresponding to applicable provisions used when defendant was sentenced and shall leave all other guideline application decisions unaffected).  Thus, if Thompson were sentenced today under the amended guidelines, his guideline range would be 84-105 months.  U.S.S.G. Ch. 5 Pt. A (Sentencing Table).

Because Thompson received a sentence of 84 months incarceration and the low end of the amended guideline range is 84 months, the Court cannot reduce Thompson's term of imprisonment under § 3582(c)(2).  See U.S.S.G. § 1B1.10(b)(2)(A) (stating that a court shall not reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range); see also Fanfan, 558 F.3d at 111 ("a district court acting under § 3582(c)(2) must comply with U.S.S.G. 1B1.10(b)(2)(A)").

The Court commends Thompson for his efforts at rehabilitation during his incarceration.  However, they do not provide a basis for a sentence reduction pursuant to § 3582(c). See United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) ("[D]efendant seeks a sentence reduction because of his extensive post-judgment rehabilitation.  Yet such conduct, while commendable, has nothing to do with the lowering of the

sentencing range by the Commission, as required by § 3582(c). Accordingly, such rehabilitation provides no basis either for a sentencing reduction in its own right or for a further downward departure where a § 3582(c) reduction is ordered for some other reason.") (internal citations omitted); see also Fanfan, 558 F.3d at 110-111 (noting that "while an adjusted sentence under § 3582(c)(2) must be made after considering the factors set forth in section 3553(a)," the court must comply with U.S.S.G. § 1B1.10(b)(2)(A) (internal quotation marks omitted)). Therefore, the Court must deny Thompson's Current Motion for sentence reduction.

III. Conclusion

Based on the foregoing, Thompson's Current Motion to reduce his sentence is hereby DENIED.


IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: September 16, 2013

7